UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KEITH WILSON,<br><br>    Petitioner,<br><br>  v.<br><br>SISKIYOU COUNTY SUPERIOR COURT,<br><br>    Respondent. | Case No. 23-cv-01267-JSC<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. No. 7 |

Petitioner, a California prisoner at Napa State Hospital ("NSH") who is proceeding without a lawyer, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254. The case was dismissed without prejudice and judgment was entered on April 28, 2023, because Petitioner did not pay the filing fee or file an application to proceed in form pauperis ("IFP"). (ECF Nos. 4, 5.) Petitioner filed a motion for a temporary restraining order on April 27, 2023, which the Clerk added to the docket on April 28, 2023. (ECF No. 7.) Although the motion was added to the docket on the same day as the dismissal and judgment, the Court was not aware of the motion when it made the dismissal ruling because the motion was not added until the dismissal order and judgment were already filed, docketed, and sent to the parties.[1]

The motion for a TRO must be denied for at least three reasons. First, this case cannot proceed because Petitioner did not pay the filing fee or complete the IFP application in the time allotted, seek additional time, or provide a reason why not. The Court notes that the TRO motion does not address this issue. Second, prior to obtaining a TRO, Petitioner must provide notice to

---

[1] The same sequence of events occurred with respect to Petitioner's amended petition. (ECF No. 6.)

1  the adverse party or show both irreparable harm and certify in writing his efforts to give notice and
2  the reasons that notice should not be required.  *See* Fed. R. Civ. P. 65(a)(1), 65(b).  Petitioner has
3  not provided notice to the Respondent (who has not been served) or submitted the required
4  certification regarding the lack of notice.  Third, the motion appears to be directed towards the
5  conditions of his confinement at NSH, such as harassment and involuntary medication, issues
6  Petitioner also raises in his amended petition.  (ECF No. 6 at 3; No. 7 at 1.)  Petitioner must seek
7  any injunctive or other relief based on these issues in a civil rights case under 42 U.S.C. § 1983,
8  not in a petition for a writ of habeas corpus, because Section 1983 governs claims challenging the
9  conditions of an inmate's confinement.  *See Hill v. McDonough*, 547 U.S. 573, 579 (2006).[2]

For these reasons, the motion for a TRO is DENIED.

This order disposes of docket number 7.

**IT IS SO ORDERED.**

Dated: May 3, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

[2] The Court does not make any finding as to whether Petitioner's claims challenging the conditions of his confinement at NSH have merit.  If he wants to pursue such claims, he must do so in a complaint under Section 1983 filed in a new case.

2